Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 1070 | **DATE** | 8/30/2002 |
| **CASE TITLE** | SHANNAH L. SACCHITELLA vs. CSX TRANSPORTATION, INC. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] The motion for summary judgment [8-1] is granted. ENTER MEMORANDUM OPINION AND ORDER.

(11) ■ [For further detail see order attached to the original minute order.]

| | | Document Number |
|---|---|---|
| | No notices required, advised in open court. | |
| | No notices required. number of notices | |
| ✓ | Notices mailed by judge's staff. SEP - 4 2002 date docketed | 18 |
| | Notified counsel by telephone. | |
| | Docketing to mail notices. docketing deputy initials | |
| | Mail AO 450 form. 8/30/2002 date mailed notice | |
| | Copy to judge/magistrate judge. | |
| CB courtroom deputy's initials | Date/time received in central Clerk's Office PW mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**DOCKETED**
**SEP 4 2002**

| | | |
|---|---|---|
| SHANNAH L. SACCHITELLA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 02 C 1070 |
| | ) | |
| v. | ) | Suzanne B. Conlon, Judge |
| | ) | |
| CSX TRANSPORTATION, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Shannah L. Sacchitella sues CSX Transportation, Inc. ("CSX") for hostile work environment sexual harassment in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq*. CSX moves for summary judgment.

### BACKGROUND

#### A. Local Rule 56.1 violation

Sacchitella fails to comply with Local Rule 56.1. Local Rule 56.1(a)(3) requires the moving party to file a statement of undisputed material facts. Rule 56.1(b)(3)(A) requires the party opposing summary judgment to provide "a response to each numbered paragraph in the moving party's statement, including, in the case of any disagreement, specific references to the affidavits, parts of the record, and other supporting materials relied upon."

Sacchitella initially failed to submit a Rule 56.1 response. This failure results in the binding admission of the truth of a Rule 56.1 statement. *See* L.R. 56.1(b)(3)(A); *Curran v. Kwon*, 153 F.3d 481, 486 (7th Cir. 1998). However, Sacchitella's summary judgment response

1



was entirely deficient because it was not submitted in the proper format. *See* L.R. 5.2. The court allowed Sacchitella to correct the deficiency in form. Sacchitella submitted a properly formatted response brief but also made substantive changes that inappropriately included a Rule 56.1 response and statement of additional facts, well-after CSX had filed its reply brief. Regardless, Sacchitella's untimely Rule 56.1 response does not lead to a different result. Sacchitella admits the majority of CSX's Rule 56.1 facts; her denials are not supported with citations to the record. *See Schulz v. Serfilco, Ltd.*, 965 F.2d 516, 518-19 (7th Cir. 1992). All denials without proper citation to the record must be deemed admitted. *See* L.R. 56.1; *Bordelon v. Chicago Sch. Reform Bd. of Trustees*, 233 F.3d 524, 577 (7th Cir. 2000). The court ignores Sacchitella's untimely Rule 56.1 statement of additional facts. *Id.* at 577 (district court has discretion to strictly enforce the local rules).

## B. Statement of Facts

All facts are undisputed unless otherwise noted. CSX is a national railroad company. Sacchitella began her CSX employment as a conductor trainee on September 11, 2000. Her direct supervisor was Paul Douthard, who reported to district superintendent Bobby Reynolds. Douthard assigned trainees to railroad trains when there were fewer than five trainees on location. When more than five trainees were present, Phil Haas, a CSX conductor and local chairman of the United Transportation Union Local 1348, served as a trainee mentor and prepared their train schedules. Sacchitella is a Local 1348 member. Douthard initially prepared her train schedule. Haas assumed responsibility for the schedule during Sacchitella's eighth week of training.

2

Sacchitella passed her conductor trainee examinations, and she was promoted to conductor on January 22, 2001. On February 5, 2001, she was furloughed along with fifteen male conductor trainees. Sacchitella's sexual harassment claims arise from incidents involving Reynolds, Haas, and Douthard from November 2000 to February 2001. On November 1, 2000, Reynolds and Haas met with Sacchitella. They inquired about conversations she had with people on trains, informed her she had "a bad attitude," and noted that she could be terminated at any time. Def. 56.1 Facts at ¶¶ 41-49. In November 2000, Haas informed Sacchitella that other conductors did not appreciate her presence on trains because it would anger their spouses. Haas insinuated that women had a "hard time" on the railroad, and referred to another female employee as "bitch." *Id.* at ¶ 61. In December 2000, Reynolds stated he would like to meet Sacchitella's family, and suggested he and his wife have dinner with Sacchitella. That month, Reynolds asked Sacchitella to join him for dinner. On February 5, 2001, Reynolds placed his hand on top of Sacchitella's hand while she was dispensing lotion and stated: "What are you going to give me for the lotion?" *Id.* at ¶¶ 52-53. Douthard told Sacchitella on more than one occasion that she "smelled good" and she was a "distraction" *Id*, Sacchitella Dep. at 374-76.

Sacchitella admits her gender was not the cause of her furlough. Nor were Reynolds, Haas, and Douthard involved in the decision to place Sacchitella on a leave of absence. Sacchitella filed an Equal Employment Opportunity Commission charge on October 31, 2001, and she received a right to sue notice.

## DISCUSSION

### I. Summary judgment standard

Summary judgment is proper when the moving papers and affidavits show there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *King v. National Human Res. Comm.*, 218 F.3d 719, 723 (7th Cir. 2000). Once a moving party has met its burden, the non-movant must go beyond the pleadings and set forth specific facts showing there is a genuine issue for trial. Fed. R. Civ. P. 56(e); *Silk v. City of Chicago*, 194 F.3d 788, 798 (7th Cir. 1999). The court considers the record as a whole and draws all reasonable inferences in the light most favorable to the nonmoving party. *Bay v. Cassens Transp., Co.*, 212 F.3d 969, 972 (7th Cir. 2000). A genuine issue of material fact exists when the evidence is sufficient to support a reasonable jury verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Insolia v. Philip Morris, Inc.*, 216 F.3d 596, 599 (7th Cir. 2000). If the moving party meets this burden, the nonmovant must then respond by offering specific facts that demonstrate the existence of a genuine issue for trial. Fed. R. Civ. P. 56(e).

### II. Hostile Work Environment Sexual Harassment

Title VII's prohibition against sex discrimination protects employees against unwelcomed sexual advances that create an offensive or hostile work environment. 42 U.S.C. § 2000e-2(a)(1); *Meritor Savings Bank, FSB v. Vinson*, 477 U.S. 57, 64 (1986). A hostile work environment occurs when sexual harassment is so severe or pervasive it alters the conditions of employment, and creates an abusive work environment. *Gleason v. Mesirow Financial, Inc.*, 118 F.3d 1134, 1143 (7th Cir. 1997). The harassment must "adversely affect the work performance

and the well-being of both a reasonable person and the particular plaintiff bringing the action."
*Id.* In order to establish a *prima facie* case of hostile work environment sexual harassment, a plaintiff must prove: (1) she was subjected to unwelcomed sexual harassment in the form of sexual advances, requests for sexual favors, or verbal or physical conduct of a sexual nature; (2) the harassment was based on sex; (3) the sexual harassment unreasonably interfered with plaintiff's work performance in creating an intimidating, hostile, or offensive working environment; and (4) there is a basis for employer liability. *Parkins v. Civil Constr. Of Illinois, Inc.*, 163 F.3d 1027, 1032 (7th Cir. 1998).

### A. EEOC charge

CSX asserts conduct that occurred before January 4, 2001 is time-barred. Sacchitella filed her EEOC charge on October 31, 2001. Under Title VII, a charge of discrimination must be filed with the EEOC within 300 days after the alleged unlawful employment practice occurred. 42 U.S.C. § 2000e-5(e). Ordinarily, failure to meet this deadline bars any subsequent civil rights suit. *Snider v. Belvidere Township*, 216 F.3d 616, 618 (7th Cir. 2000).

The Supreme Court recently held a hostile work environment claim is not subject to the 300-day bar where one discriminatory act occurred within the statutory period. *National Railroad Passenger Corp. v. Morgan*, 122 S. Ct. 2061, 2073 (2002). The Court recognized that hostile work environment claims "are different in kind from discrete acts. Their very nature involves repeated conduct." *Id.* The Court held when "an act contributing to the claim occurs within the filing period, the entire time period of the hostile environment may be considered for purposes of determining liability." *Id.* at 2074.

5

It is undisputed Reynolds met with Sacchitella on February 5, 2001. He touched her hand and made a sexually suggestive comment. Def. 56.1 Facts at ¶ 53. Because that incident occurred within 300 days of the filing of Sacchitella's EEOC charge, events before January 4, 2001 may be considered under *Morgan*. Accordingly, Sacchitella's claims are not time-barred. *See e.g. Alexander v. CIT Tech. Financing Serv., Inc.*, No. 01 C 7217, 2002 WL 1926122, at *12 (N.D. Ill. Aug. 20, 2002) (events outside the 300-day period must be considered in a hostile work environment claim after *Morgan*).

### B. Actionable Hostile Work Environment

CSX asserts Reynolds, Haas, and Douthard's conduct did not create a hostile work environment as a matter of law. To determine a hostile or abusive work environment, the totality of the circumstances must be taken into account. *Harris v. Forklift Systems, Inc.*, 510 U.S. 17, 23 (1993). Courts should examine "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Id.* These factors are evaluated from a subjective and an objective point of view. *Id.* Sacchitella must subjectively perceive the conduct as abusive. *Id.* Furthermore, a reasonable person must objectively find the conduct creates a hostile work environment. *Id.* at 23. "[A] certain amount of vulgar banter, tinged with sexual innuendo is inevitable in the modern workplace, particularly from coarse and boorish workers." *Gleason*, 118 F.3d at 1144. "[S]imple teasing, offhand comments, and isolated incidents (unless extremely serious)" are not sexual harassment. *Faragher v. Boca Raton*, 524 U.S. 775, 778 (1998).

The crux of Sacchitella's hostile work environment claim concerns conduct by Reynolds, Haas, and Douthard from November 2000 to February 2001. For purposes of summary judgment, it is undisputed Sacchitella subjectively perceived the conduct as abusive. Nevertheless, CSX argues the conduct did not create an objective hostile work environment. Reynolds asked Sacchitella to join him for dinner, touched her hand, and made a sexually suggestive comment. Haas made several derogatory comments about women in the workplace. Douthard commented that Sacchitella "smelled good" and was a "distraction." Def. 56.1 Facts, Sacchitella Dep., at 374-76, 381-82. No reasonable jury could conclude these incidents created a severe or pervasive hostile work environment. Indeed, the Seventh Circuit has rejected hostile work environment claims on facts more severe than the CSX supervisors' conduct.

In *Koelsch v. Beltone Elecs. Corp.*, 46 F.3d 705, 706 (7th Cir. 1994), plaintiff's supervisor rubbed his foot against her during company meetings, grabbed her buttocks, and asked her out to dinner on two occasions. The court found those actions not severe or pervasive enough to constitute a hostile work environment. Similarly, in *Saxton v. American Telephone & Telegraph*, 10 F.3d 526, 534 (7th Cir. 1993), the court declined to find a hostile work environment where plaintiff's supervisor rubbed his hands over plaintiff's knees, forced her to kiss him, and attempted to grab her from behind. In *Weiss v. Coca-Cola Bottling Co.*, 990 F.2d 333, 337 (7th Cir. 1993), the court affirmed summary judgment where a supervisor called plaintiff a "dumb blonde," put his hand on her shoulder several times, placed "I love you" signs in her work area, and attempted to kiss her in a bar. Finally, in *Baskerville v. Culligan Int'l Co.*, 50 F.3d 428, 431 (7th Cir. 1995), plaintiff's supervisor made grunting sounds when she passed, stated he was lonely in his hotel room, and made other sexually suggestive comments. In

declining to find a hostile work environment, the court noted plaintiff's supervisor never touched the plaintiff, did not invite her for sex, did not make threats, and did not expose himself. *Baskerville*, 50 F.3d at 431.

*Koelsch, Saxton, Weiss*, and *Baskerville* are instructive. Reynolds, Haas, and Douthard's conduct was clearly inappropriate. Nevertheless, none of the incidents were overtly sexual in nature, threatening, or intimidating. Haas and Douthard's comments about women in the railroad industry were crude and insensitive. Nevertheless, distasteful or inappropriate remarks do not constitute deeply offensive and intimidating acts. *Brill v. Lante*, 119 F.3d 1266, 1274 (7th Cir. 1997); *see also Gleason*, 118 F.3d at 1144-45 (no objectively hostile environment when male co-worker referred to females as "bitchy," and commented on female anatomy); *Scott v. Sears, Roebuck & Co.*, 798 F.2d 210, 211-214 (7th Cir. 1986) (affirming summary judgment when plaintiff was subjected to propositions, lewd comments, and a slap on the buttocks). Haas and Douthard never touched Sacchitella, threatened her, or invited her for sex. *See Adkins v. Kelly-Springfield Tire Co.*, No. 97 C 50381, 2001 WL 219636, at *7 (N.D. Ill. Mar. 6, 2001) (hand gestures simulating oral sex, and sexually suggestive names were not deeply offensive and humiliating). Even unwanted touching was insufficient in *Koelsch* and *Saxton*. Reynolds' single and isolated touching of Sacchitella's hand is insufficient to constitute a severe or pervasive act. *Cf. Smith v. Sheahan*, 189 F.3d 529, 535 (7th Cir. 1999) (a single incident of sexual *assault* may be severe enough to constitute hostile work environment). The touching was not to an intimate body part. *Cf. Worth v. Tyer*, 276 F.3d 249, 266 (7th Cir. 2001) (a single touching to an intimate body part may create a hostile work environment).

Further, Reynolds' November 1, 2000 meeting with Sacchitella did not involve acts or comments of a sexual nature. Indeed, the meeting was for disciplinary purposes, and Sacchitella complained only that she was threatened with termination and spoken to in a "stern voice." Def. 56.1 Facts at ¶¶ 45-48; *see Hilt-Dyson v. City of Chicago*, 282 F.3d 456 (7th Cir. 2002) (looking at the context of the purported harassing events). Sacchitella had a series of absences, and she raised her voice to Haas that morning. Def. 56.1 Facts at ¶¶ 35-38. Indeed, the disciplinary meeting was not unique to Sacchitella – Reynolds conducted similar meetings with other trainees that day. *Id.* at ¶ 48.

Sacchitella fails to offer evidence that Reynolds' dinner suggestion was a sexual advance, rather than a friendly invitation. *Id.* at ¶ 51; *see Minor v. Ivy Tech State College*, 174 F.3d 855, 858 (7th Cir. 1999) ("It is no part of the function of Title VII to change a hand-ons management style"). Haas' use of the term "bitch" twice in Sacchitella's vicinity only constitutes unpleasant and crude behavior in the workplace. It is undisputed Haas did not use the vulgar term to refer to Sacchitella. *See LaBellarete v. Fraternal Enter, Ltd.*, No. 95 C 3189, 1996 WL 465397, at *4-5 (N.D. Ill. Aug. 2, 1996) (use of the term "bitch" ten to twenty times at or around plaintiff did not constitute hostile work environment).

To constitute a hostile work environment, the purported conduct must be extreme and the workplace intolerable. *See Minor*, 174 F.3d at 875-58. Viewed in the light most favorable to Sacchitella, she fails to raise a genuine factual dispute that she suffered from a severe or

9

pervasive hostile work environment.[1] Accordingly, summary judgment must be granted on her hostile work environment sexual harassment claim.

## CONCLUSION

The motion for summary judgment is granted.

August 30, 2002

ENTER:

Suzanne B. Conlon
United States District Judge

---

[1] Because Sacchitella fails to raise a genuine factual dispute that she was subjected to a severe or pervasive hostile work environment, CSX's argument on the *Ellerth/Faragher* affirmative defense is moot.